UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HELEN MCCANN, et al | CIVIL ACTION NO. 10-0768 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| PPG INDUSTRIES, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is a motion for attorney fees in connection with the motion to remand, doc. #5, referred to me by the district judge.

Plaintiffs seek an award for costs and attorney fees for the improvident removal of this case. The case was removed after six years and on the eve of trial in state court.

On the motion to remand, I found that this case does not present any evidence of forum manipulation, much less the egregious conduct or fraud that might implicate the Tedford rule such that equitable extension of the one-year time limit for removal might be appropriate.  Therefore, I suggested, the removal comes too late, having been filed more than one year after commencement of the suit. The district judge agreed and the case has been remanded to state court. This motion for attorney fees was referred to me by the district judge.

Because there was no objectively reasonable basis for removal (for the reasons stated in my Report and Recommendation on the motion for remand), I find that attorney fees and expenses should

be ordered paid. See Martin v. Franklin Cap. Corp., 126 S. Ct. 704 (2005); Admiral Ins. Co. v. Abshire, 574 F.3d 267 (5th C. 2009).

The applicable statute, 28 U. S. C. §1447(c), provides that "just costs and any applicable expenses" may be ordered paid which were "incurred as a result of the removal". That provision was interpreted by the 5th Circuit Court of Appeals in Avitts v. Amoco Production Co., et al, 111 F.3d 30 (5th Cir. 1997). There Judge Davis ruled that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded. However, those expenses which would have been incurred anyway in state court are not recoverable.

Defendants argue that only those expenses incurred in federal court in connection with the improvident removal may be recovered. However, neither party has referred the court to any authority in addition to Avitts, nor have I found any. In Avitts Judge Davis stated that "[w]e interpret this language to limit the litigation expenses that may be awarded under this section to fees and costs incurred in federal court that would not have been incurred had the case remained in state court." (Emphasis added). However, in the next paragraph he stated that "[w]e conclude therefore that a party's costs of opposing removal, seeking remand, and other expenses incurred because of the improper removal may be awarded." The second statement is, obviously, more inclusive.

Ordinarily there would exist no legitimate argument that any

2

of the costs incurred in state court could possibly be related to the improper removal. This case is an unusual case, though, in that the removal occurred on the eve of trial after expert witnesses had completed their final trial preparation. It is likely that Judge Davis was not envisioning this unlikely and unusual scenario when he stated, in passing, that the fees recoverable are those incurred in federal court.

In this case, as will be discussed, the expenses incurred because of defendant's last minute removal of the case are substantial and it would simply be unfair to plaintiffs to require them to foot the bill for the work of their experts which was wasted due to the defendants' improvident removal. Plaintiffs should not have to pay their experts twice because of the mistake of the defendants.

I find in the unusual circumstances of this case, therefore, where removal occurs on the eve of trial causing unnecessary work to have been done in the state court, that recovery may be had for that unnecessary work and that such constitutes "expenses" under the statute.

The next issue is what the attorney fee and expense award should be. Plaintiffs seek attorney fees for a total of 51 hours. While the court does not question that the work was done--and neither did defendants-it seems to me that adequate legal research and writing on the motion to remand, even considering the unusual

3

nature of this remand (involving the issue of removal in excess of one year) could have been done in about two days, or about 16 to 20 hours. However, I do note that three law firms are involved which necessarily increases the hours spent and I assume that such was necessary. In addition, I note the conspicuous absence of billings by any of the attorneys for their own time in unnecessarily preparing for the state court trial. That time would, no doubt have been substantial. Therefore, the full 51 hours will be awarded.

Plaintiff's attorney does not ordinarily bill by the hour; however, defense counsel was kind enough to provide the court with his hourly rate in this case which is, in this court's experience, the "going" rate for general quality legal work in this area. Therefore an award will be made for 51 hours at the hourly rate of $175 per hour, or $8,925. Under the circumstances of this case, no adjustment of that "lodestar" figure is appropriate.

In addition, as discussed above, the expenses incurred by plaintiffs for their experts' trial preparation should also be paid. Plaintiffs seek the sum of $17,361 and an additional $756.68 for "administrative charges for trial/hotel charges canceled". However, some of the time charged by Dr. Gardner appears to be for preparing trial exhibits which, no doubt, can still be used at trial. Therefore, I will deduct 4.5 hours at the rate of $400 per hour for that.

The total expense due for the experts' time is $15,561. The total "other expenses" is $756.68.

**For the foregoing reasons, IT IS RECOMMENDED** that the motion be GRANTED and that attorney fees be awarded in the amount of $8,925 and that expenses be awarded in the sum of $16,317.68 ($15,561 plus $756.68) for a grand total of $$25,242.68.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this 19th  day of November, 2010.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE